**FILED**
**NOV 12 2019**
Clerk, U.S. District and Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER GAKUBA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-3300 (UNA) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court construes the plaintiff's *pro se* pleading as a petition for a writ of mandamus. The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss his petition.

Generally, the plaintiff contends that his conviction in and sentence imposed by the Illinois state courts were obtained in violation of rights protected under the Fifth and Fourteenth Amendments to the United States Constitution. Although he "is not seeking to overturn these wrongful convictions per se," Pet. at 14, he asks this Court to order the United States to investigate the conduct of the police, prosecutors, and judges involved in the criminal matter, *see generally id.* at 11-13.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable,'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346

U.S. 379, 384 (1953)), and this plaintiff fails to meet his burden. "It is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the Attorney General's decision to investigate any particular matter is left to his discretion, *see Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("Courts have also refused to review the Attorney General's litigation decisions in civil matters."); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"). The petition therefore must be denied. An Order accompanies this Memorandum Opinion.

DATE: November 8, 2019

TANYA S. CHUTKAN
United States District Judge